CHARLES H. BULKLEY *v.* JOSEPH B. STEPHENS, M. L. HULL, JOHN W. MILLER, AND MILO B. STEPHENS.

Where one of several defendants, against whom a judgment had been rendered, filed a petition in error against the adverse party, without making his co-defendants parties thereto, and judgment of affirmance was rendered by the reviewing court: *Held*, that an action might be sustained upon the supersedeas bond by the defendant in error, notwithstanding such want of parties in the proceeding in error, and notwithstanding the fact that a second petition in error, to reverse the same judgment, was pending at the time of commencing the action on the bond.

MOTION for leave to file a petition in error to the District Court of Cuyahoga county.

This was an action upon a supersedeas bond, brought by the plaintiff in error against the defendants in error, in the Court of Common Pleas of Cuyahoga county. The petition alleges that the plaintiff had recovered a judgment, in the Superior Court of Cleveland, against defendants Joseph B. Stephens, M. L. Hull, and Milo B. Stephens, for the sum of $5,769.35, and costs; that the defendant, Joseph B.

Stephens, filed a petition in error, in the district court of said county, against the plaintiff in error, to reverse the judgment; that, pending the petition in error, the defendants herein executed their bond for stay of execution, agreeably to the provisions of the statute in such cases provided, conditioned that the obligors would pay the condemnation money and costs in case said judgment, in whole or in part, should be affirmed in the district court; and that, on the hearing of said petition in error, the judgment was affirmed by the district court.

To this petition the defendants answered, (1) that said M. L. Hull and Milo B. Stephens were not made parties to the proceeding in error, and therefore the district court had no jurisdiction of the case; and (2) that another petition in error, to reverse the same judgment, had since been filed, and was pending in said district court, wherein all the parties to said judgment were made parties.

A demurrer to this answer was sustained by the court, and judgment was rendered in favor of the plaintiff for the amount of his original judgment and costs. On petition in error to the district court, the judgment of the common pleas was reversed; and leave is now asked to file a petition in error to reverse the judgment of reversal, and to affirm the judgment of the common pleas.

*Mix, Noble & White*, for the motion:

I. The district court had jurisdiction to render judgment of affirmance, and that only. *Smithers* v. *Rainey*, 14 Ohio St. 287.

.II. The objection of the defect of parties was waived. *Trust Co.* v. *Goodin*, 10 Ohio St. 557; *Cairnes* v. *Knight*, 17 Ohio St. 68.

III. If the bond was not valid as a statutory supersedeas bond, it is valid as a common law bond. *Duckwall* v. *Rogers*, 15 Ohio St. 544; *Croy* v. *Ohio*, Wright, 135; *Barrett* v. *Reid*, 2 Ohio, 409; *Ohio* v. *Finley*, 10 Ohio, 51; 10 Pet. 359; 15 Pet. 290; *Reid* v. *Evans*, 17 Ohio, 128.

*E. Sowers,* contra, contended that the district court had no jurisdiction over the subject-matter or the parties; that its judgment of affirmance was a nullity, and that the only judgment it could have rendered was to dismiss the petition. *Smithers* v. *Rainey,* 14 Ohio St. 287; *Buckingham* v. *Commercial Bank,* 21 Ohio St. 131.

WELCH, C. J.   We think the common pleas was right in holding these defenses insufficient, and that the district court erred in reversing the judgment.

Prior to 1810 the statutory condition of a supersedeas bond was, that the plaintiff in error would " prosecute his writ of error to effect, and abide the judgment of the court thereon." Ever since 1810 the statutory condition required in cases of money judgments has been, as it still is, to the effect " that the plaintiff in error will pay the condemnation money and costs, in case the judgment or final order shall be affirmed in whole or in part."

As early as 1823, in the case of *Gardner* v. *Woodyear,* 1 Ohio, 170, and afterward in the case of *Reynolds* v. *Rogers,* 5 Ib. 170, it was held that these two statutory conditions of the bond are, in legal effect, the same. This holding, so far as we know, has never been overruled, and we are bound to presume that the legislature, in adopting the present form of condition to a supersedeas bond, did so with full knowledge of these decisions. The object of the bond is to stay execution. This object is effected by filing a petition in error and executing the bond. When this has been done, execution can not, without the execution of a restitution bond, be taken out until the petition in error has been disposed of, no matter whether all the proper parties are before the reviewing court or not. It is enough, for the purpose of staying execution, that the petition in error is prosecuted by a party against whom the judgment was rendered, and that the party entitled to execution is made defendant. If all the necessary parties to the proceeding in error have not joined or been brought before the court, it is competent for the court, at the in-

stance of parties or of its own motion, to cause or permit them to be brought in ; and it is by no means true, in the unqualified sense claimed by counsel, that until all the proper parties are brought in, the court has no jurisdiction of the case. Its jurisdiction is incomplete, in the sense that it has no power to bind the absent parties, and can, therefore, render no judgment of reversal or affirmance which will bar a future proceeding by them. But the court has jurisdiction of the parties before it, and of the case so far as it affects them. It will hardly do to say that the court has no jurisdiction over the parties before it, because they themselves have failed to make all the parties interested parties to their petition. Surely the court has power over the case to make all necessary orders therein as to the parties or pleadings, and can dismiss the petition and render judgment for costs. Whether a dismissal of the petition for want of proper parties, or for other good cause, without expressly affirming the judgment, would, so far as the obligors in the supersedeas bond are concerned, be equivalent to such affirmance, we need not in this case decide. I think it would. I think the plaintiff, in such a case, would " fail to prosecute his petition in error to effect." But here the court affirmed the judgment. True, this affirmance did not bind M. L. Hull and Milo B. Stephens. They could file their petition in error, making Bulkley and Joseph B. Stephens parties defendant, and have the judgments reversed if found to be erroneous. Whether Joseph B. Stephens could file such second petition in error, or whether he could join with his co-defendants in filing it, is quite another question, and one that we need not now decide. Whether a judgment of reversal upon such second petition would affect the rights of the parties to the bond, it is also unnecessary now to inquire. No such reversal is pleaded in this case, but only the fact that a second petition in error has been filed.

The difficulty in the case is in the fact that a judgment is an indivisible unit. But for this the judgment of affirmance would be an absolute and unqualified bar to Joseph B.

Stephens. Justice requires that it should operate as such bar as against him, in so far as that is possible, without affecting the right of others to prosecute their petition in error. This right of others will be in no way affected by holding Joseph B. Stephens and his sureties liable on their bond. The consideration of their bond—the stay of execution—has been obtained by them; and its condition—that he would prosecute his petition in error to effect, or that he would pay the judgment if it should be affirmed—has not been fulfilled. It is not for him or his sureties, in a collateral matter which in no way affects the rights of other parties to the judgment, to deny that the judgment has been affirmed by denying the jurisdiction of the court to which he himself appealed as a court having jurisdiction. On every principle of justice he is estopped from so doing, and the estoppel should be applied wherever it is practicable without injuriously affecting the rights of others. In the case of the *Ohio Life Insurance and Trust Company* v. *Goodin*, 10 Ohio St. 557, and again in *Cairnes* v. *Knight*, 17 Ib. 68, this court held that even a party defendant to a petition in error could not, so far as he was concerned, after judgment of reversal, object that all the necessary parties were not before the court, unless that objection had been made in the reviewing court, and that the objection was waived by the failure to make it there. If the defendant's failure to make the objection is a waiver on his part, surely the bringing of the action without the necessary parties is a waiver on the part of the plaintiff. In the two cases referred to, the court refused to hold the judgment erroneous on account of the defect of parties. In the present case we are asked to hold the judgment not merely erroneous, but absolutely void. There is no good ground on which it can be so held.

Motion granted; judgment of district court reversed, and that of common pleas affirmed.