Marshall, C. J.
 

 The sole question for determination is whether a suit can be maintained upon a supersedeas bond under the circumstances of this case to compel the payment of the judgment in the original bastardy proceeding to the amount of the penalty of the bond. The petition fully pleads the bond, its execution and breach, and the answer admits the execution of the bond and the affirmation of the judgment in the Court of Appeals, and pleads by way of new matter that, after the affirmance of the judgment in the Court of Appeals, Dimmitt surrendered himself and was committed to the county jail of Grreene county. It only remains to be determined, therefore, whether his surrender and commitment to jail was a compliance with the condition of the supersedeas bond, or whether, on the other hand, the sureties on the bond were obligated to pay the judgment to the limit of the penalty of the bond. It is
 
 *694
 
 contended that if there should be a recovery upon the supersedeas bond in this action, it would provide maintenance for the child, and that this practice is not permissible, because a special section, to wit, Section 12123, General 'Code, makes provision for security for the performance of a maintenance order, and that therefore only a bond given pursuant to that section would create responsibility on the part of sureties.
 

 A bond under Section 12123 is employed in the event that the defendant is willing that the judgment of the trial court shall be final, and waives the right of review, or it may be employed after affirmance by the Court of Appeals to save the defendant from going to jail. Since the defendant did not at any time employ it, there is no place for discussion of it in this case further than to say that it has no relation to supersedeas, but is rather a part of the performance of the judgment itself. Section 12123 requires security that the defendant will “perform such order,” that is to say, furnish “maintenance in such sum as the court orders;” or in the alternative be committed to jail. Inasmuch as Section 12123 specifically ■provides what the judgment in a bastardy proceeding shall contain, every part of that section becomes a necessary part of the judgment whether written in the journal entry or not. It is quite clear that if Dimmitt had given a bond under Section 12123, and had faithfully complied with its provisions, there would be no occasion for pursuing the supersedeas bond. It seems equally clear that even if a bond had been given under Section 12123, and the sureties on such bond were
 
 *695
 
 later found to be insolvent, or if for any other reason recovery upon that bond should fail, the mother of the child might then pursue the supersedeas bond as an additional remedy. When judgment was entered in the common pleas court in the bastardy proceeding, Dimmitt had the alternative of paying the judgment, or at least that part stipulating a lump sum payment, and giving bond for maintenance, or, on the other hand, going to jail and thereafter pursuing insolvency proceedings. This being the solemn judgment of the trial court, the only escape from one or the other alternative was to have the judgment reversed by the Court of Appeals. He might have prosecuted error to the Court of Appeals without a supersedeas bond, but in such event would have been subject to the jail penalty during the pendency of the appellate proceedings. The supersedeas bond was given not for his personal appearance after a judgment of affirmance, but to stay the execution of every part of the judgment pending the review in the appellate court. Upon reversal the judgment becomes a nullity, but upon affirmance it stands in full force as though no error proceeding had been entered. By the error proceeding the prosecutrix has been delayed and has lost the benefit of an earlier recompense, but has gained the benefit of such -security for the ultimate satisfaction of the judgment as the supersedeas bond affords. The law has mercifully provided for stay of execution during the pendency of the error proceeding, because it would be a cold comfort to a wronged suitor to be first punished and later justified, and the law at the same time justly pro
 
 *696
 
 vides that, if the hand of the sheriff is stayed, it shall be upon the condition that when the judgment becomes a finality its terms will be fully met.
 

 This is an action to recover upon a written instrument, and recovery must either be sustained or denied upon the terms of the instrument, construed as any other contract would be construed. Dimmitt seeks a reversal on the theory that there can be no recovery upon this supersedeas bond, if the bond is not in full compliance with the statute which authorizes the bond,-and calls attention to the statutory provisions for supersedeas in both civil and criminal procedure. Section 12265, General Code, governs in civil cases, as follows:
 

 “When the judgment or final order sought to be reversed directs the payment of money, the bond shall be in double its amount, to the effect that the plaintiff in error will pay the condemnation money, and costs, if the judgment or order be affirmed, in whole or part.”
 

 Section 13698 governs in criminal cases, and the pertinent portion is:
 

 “That the accused will prosecute such error proceedings without delay, and abide the judgment or sentence of the court.”
 

 It is contended that the supersedeas bond in the instant ease was framed pursuant to Section 13698. We are unable to see any substantial difference in the liability created, whether the bond follows the one or the other of these sections. In the one case it provides for the payment of the condemnation money and costs; in the other it
 
 *697
 
 requires that the unsuccessful appellant abide the judgment or sentence of the court.
 

 This is not a matter of first impressions in this court. That the meaning of the two expressions is substantially the same has been decided three times by this court, the first decision having been rendered at the December 1823 term, in the case of
 
 Gardener
 
 v.
 
 Woodyear,
 
 1 Ohio, 170, 176. In that case the statute was practically the same as Section 12265, but the condition of the bond was “that he will prosecute the said writs to effect, and abide the judgment of the court thereupon had.” It was contended that that was not in conformity to the statute, and that the bond was therefore inoperative. In the opinion the court discussed this matter at length, and stated that prior to 1810 supersedeas bonds were given under a statute which contained the condition “that he will prosecute the same to effect, and abide the judgment of the court thereupon had.” In the revision of 1810 the phraseology was changed to substantially the same language as now contained in Section 12265. By inadvertence the language of the bond was made to conform to the provisions of the statute before revision. The court held, however, that the language had substantially the same meaning, and that there was therefore no irregularity. In
 
 Reynolds
 
 v.
 
 Rogers’ Ex’rs., 5
 
 Ohio, 170, practically the same proposition was declared, and the court reaffirmed the doctrine of
 
 Gardener
 
 v.
 
 Woodyear, supra.
 

 Fifty years later this court again had occasion to review the principles of the earlier cases, and in
 
 Bulkley
 
 v.
 
 Stephens, 29
 
 Ohio St., 620, approved those cases, declared that they were sound, and
 
 *698
 
 called attention to the fact that the Legislature, with full knowledge of those decisions, adopted the present form of conditions to a supersedeas bond. It might be added at this time to what was said in that case that when the Legislature used different language in the statute governing supersedeas of a judgment in a criminal case, that it knew that the different language there employed was substantially the same in meaning as the language in the statute governing supersedeas in a civil case. It is contended by counsel in this case that 'Section 13698 should govern, on the ground that a bastardy proceeding, while
 
 quasi
 
 criminal in nature, partakes more nearly of the qualities of a criminal suit. It has been declared by this court in
 
 Carter
 
 v.
 
 Krise,
 
 9 Ohio St., 402, and in
 
 Perkins
 
 v.
 
 Mobley,
 
 4 Ohio St., 668, that such a proceeding is
 
 quasi
 
 criminal.
 

 It is true that the issues are made by affidavit, and not by petition and answer, and it is true that the form of verdict is guilty or not guilty, but it is also true that the relief sought is not punishment of the defendant, but to provide for the support and maintenance of the child, and to indemnify the public against the child becoming a public charge. The action is therefore criminal in form, but the relief sought and the ultimate end to be attained are clearly of a civil nature. It is not necessary to resort to refinements of reasoning to ascertain definitely the character of such a proceeding. It is sufficient to state -that, whether the supersedeas bond is drawn under the one or the other of these sections, the result is substantially the same, to wit, to require the de
 
 *699
 
 fendant to abide the judgment of the court, which in this case requires him to pay the “condemnation money.”
 

 The judgment of the 'Court of' Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Day, Allen, and Kinkade, JJ., concur.