SHERWOOD v. STATE, etc.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2900. Decided June 7, 1926

625. INDEMNITY BOND—1. Where bond is conditioned for payment of $10 per week to minor child until she reaches 17 years of age, it is not necessary to show how the money was expended as it is not a condition of the bond.

2. A bond executed to secure payment of a sum larger than that mentioned in the bond, does not discharge the indemnitor when payment has been made in the amount equal to that mentioned in the bond.

HAMILTON, J.

An indemnity bond in the sum of $1500 was given by Peter Sherwood and executed by the Maryland Casualty Co. on Jan. 26, 1917. The condition was that Sherwood pay into court $10 every week for the support of his minor child, Jocelyn Sherwood until she reached the age of 17 years, except in case of the prior decease of Sherwood.

It seems that Sherwood ceased to pay into court the amount stipulated in the bond. The state, for the use of said minor child, brought this action in the Hamilton Common Pleas and judgment was rendered for $1500 in her favor. Error was prosecuted from this judgment and Sherwood claimed that the State is without legal capacity to maintain the action, because neither it nor the child is the real party in interest and that the court was without power to render judgment on the pleadings since there were some credits which should have been taken into account in rendering the judgment and which could only be ascertained by proof. The Court of Appeals held:

1. The bond was given under 11979 GC. the constitutionality of which was upheld by this court and the Supreme Court and the bond was a binding obligation.

2. The state under 11, 244 GC. could bring the action without joining with it the person for whose benefit it was prosecuted.

3. The obligation to pay ten dollars per week until the minor child had reached 17 years of age would require payment for 406 weeks or a total of $4060.

4. It was claimed by Sherwood that he has already paid in $1560, said sum being more than the amount of the bond and is therefore released from his obligation.

5. This is not the point of the bond, but it is to require the payment of $10 per week until the age of 17 had been reached by the minor child.

6. Allowing the payments claimed to have been paid by Sherwood, there would still be an obligation of $2500 to secure the payment of which, the bond would stand.

7. The answer to the claim of Sherwood that the state show how the money was expended is that it is not a condition of the bond. The default is the falure to comply with the bond and there still remains a default of more than the requirements of the bond.

8. The Court did not err in rendering judgment on the pleadings in favor of the State.

Judgment affirmed.

Attorneys—Charles L. Hopping for Sherwood; Matthews & Matthews for State; all of Cincinnati.

No. 820

INDEPENDENCE NURSERIES CO. v. PAKELTIS

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7027. Decided March 1, 1926

480. EVIDENCE—Where account is properly entered in account book, such book is admissible.

VICKERY, J.

Independence Nurseries Co. brought this action in Cleveland Municipal Court on a book account against S. Pakeltis. At the trial the president of the company was called as witness and an attempt was made to introduce into evidence the account book in which this amount was entered, which book was in charge of the person testifying, altho not kept in his handwriting.

Objection was made to the introduction of this book, and the court sustained this objection. Error was prosecuted to the Court of Appeals which held:

1. The subject matter of the accounts was a proper matter to be kept in the book accounts.

2. Where the account sued upon is properly entered in an account book, such book is admissible in evidence.

Judgment reversed and cause remanded for new trial.

Attorneys—Locher, Green & Woods for Company; H. DuLaurence for Pakeltis; all of Cleveland.