**STATE ex MARY McCLOSKEY v RICHARD McCLOSKEY**

Ohio Appeals, 6th Dist,. Erie Co

No. 304. Decided October 21, 1929

Messrs. Krueger & Rosino, Sandusky, for State ex Mary McCloskey.

Messrs. King, Ramsey & Flynn, Sandusky, for Richard McCloskey.

**WILLIAMS, J.**

The original action was brought in the court of common pleas to recover upon a bond given for the support of minor chil-

dren, pursuant to the provisions of **13010 GC.**, after a plea of guilty to an indictment charging the defendant, Richard Raymond McCloskey, with non-support of minor children under sixteen years of age in violation of Section **13008 GC**. The amended petition alleges in substance the execution of the bond and sets out a copy. This bond runs to the State of Ohio and contains the following condition:

"If the said Richard Raymond Mc-Closkey from and after the date of the execution hereof and the approval of the same, as provided by law and until his said children, Richard George McCloskey and Merceda Margaret McCloskey respectively arrive at the age of 16 years, will furnish said children with the necessary and proper home, care, food and clothing or in lieu thereof will pay promptly each week for such purpose to the Clerk of said courts the sum of Six Dollars ($6.00) and abide the judgment of said Court, then this bond shall be void; otherwise it shall be and remain in full force and effect in law."

The bond shows upon its face that it was approved by the trial judge.

The amended petition then alleges there was a breach of the bond through failure of the defendant, McCloskey, to furnish care and support for the children, and to make the payments as ordered, and that Mary McCloskey, as a result, has been compelled to expend monies in caring for and maintaining them during the period covered by the bond. It further appears from the amended petition that sentence was suspended after the bond was given and approved.

The defendants filed a motion to strike the amended petition from the files and to dismiss the action upon the ground that such amended petition is an unauthorized pleading, filed by Mary McCloskey individually through her attorneys and not by the State of Ohio through the prosecuting attorney of this county as required by law. The trial judge sustained this motion and entered judgment dismissing the petition at the costs of plaintiff. The action of the trial court is assigned as error in this proceeding.

Section **13010 GC.**, provides as follows:

(Here follows quotation)

An action on a bond, executed on the provision of this section, might properly have been brought by Mary McCloskey in her own name, under the provisions of **11242 GC.**

**Casualty Co. v. McDiarmid, 115 Ohio St., 576, 583.**

She saw fit, however, to bring the action in the name of the state of Ohio on her relation.

Section **11244, GC.**, provides as follows: "An executor, administrator, or guardian, **a trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another,** or a person expressly authorized by statute, **may bring an action without joining with him the person for whose benefit it is prosecuted.**"

The State of Ohio has no interest in the amount that may be recovered in an action on a bond of the character of that involved in the action below. The intent of **13010 GC** is plain. By its terms sentence is suspended after the bond is given and the convicted person is given an opportunity to earn the money and to support his children in accordance with the order of the court, and security for his doing so is furnished through the bond. Money which is recovered through an action brought in court for breach of the bond goes to the person who has furnished such support.

As the contract evidenced by the bond is made in the name of the state for the benefit of a person who may furnish the support, an action for breach of the bond may be brought either in the name of the person who is entitled to the benefit of the security given or may be brought in the name of the state of Ohio for the use and benefit of such person.

**Sherwood vs. State ex rel Sherwood, 22 Ohio App., 507.**

**Dimmitt vs. State ex rel Milburn, 112 Ohio St., 691.**

We have examined the many decisions cited and in addition have made an original investigation. It would seem that the conclusion reached is the only logical one.

The trial court erred in sustaining the motion and the judgment is reversed with directions to overrule the motion and for further procedings according to law. As the cause is remanded for the purposes above indicated, we call attention to the fact that the amended petition would be in better shape if it alleged and set forth specifically the amount expended by the relator named therein for the care and support of the minor children.

Lloyd and Richards, JJ, concur.