Day, J.
 

 The questions presented for our determination are, first, whether the trial court erred in refusing to admit the record of the bastardy proceeding as evidence, and, second, whether the trial court erred in its charge to the jury.
 

 Appellant contends that the record of the bastardy proceeding was admissible in. evidence; that such a proceeding is one
 
 in rem,
 
 fixing the status of the child; that thereafter the mother is precluded from asserting in any court that the appellant was the father; and that any prosecution commenced by her should be abated and barred upon such record being produced in court.
 

 At the outset, it is well to observe that a bastardy proceeding is an action prosecuted by an individual, while an action for nonsupport of an illegitimate child is criminal in nature and prosecuted by the state. A bastardy proceeding is controlled by the Code of Civil Procedure. As was said in the case of
 
 Dimmitt
 
 v.
 
 State, ex rel. Milburn,
 
 112 Ohio St., 691, at 698, 148 N. E., 90: “ * * * it is true that the form of verdict is guilty or not guilty, but it is also true that the relief sought is not punishment of the defendant * * *. The action is therefore criminal in form, but the relief sought and the ultimate end to be attained are clearly of a civil nature.”
 

 It is the general rule that a judgment of conviction or acquittal in a criminal case cannot be used in a civil case as evidence of the facts or matters upon
 
 *374
 
 which such judgment is founded (see 7 Encyclopedia of Evidence, 850; 30 American Jurisprudence, 1002, Section 289
 
 et
 
 seq.); and this is so even if the same questions of fact are in issue in both cases.
 
 Betts
 
 v.
 
 New Hartford,
 
 25 Conn., 180.
 

 With respect to the admissibility of the record of a bastardy proceeding in criminal prosecution for nonsupport of an illegitimate child, the court, in
 
 Gee
 
 v.
 
 State,
 
 60 Ohio St., 485, 55 N. E., 48, announced the doctrine that: “On the trial of the issues joined by a plea of not guilty to an information or an indictment charging the defendant with wilfully and negligently failing to support his illegitimate child the record of a bastardy proceedings instituted by the mother of the child in which the defendant was adjudged to be its reputed father is not admissible in evidence.”
 

 Just as it is not competent for the prosecution, in a criminal action for nonsupport of an illegitimate child, to introduce in evidence the record of a bastardy proceeding to prove that a defendant had been adjudged to be the reputed father of such child, so is it not competent for a defendant in such case to introduce in evidence the record of the bastardy proceeding to prove that he had been adjudged not to be the father of such child.
 

 In 3 Jones Commentaries on Evidence (1913 Ed.), 787, Section 589, it is stated: “Although the same facts may be involved in two cases, one civil and the other criminal, the
 
 parties are necessarily different,
 
 for one action is prosecuted by an individual, the other by the state; and the judgment in one case is not generally admissible in the other to establish the facts on which it was rendered.”
 

 Not only are the parties in the two cases different, but the
 
 quantum
 
 of proof required in the two cases is likewise different. In a bastardy proceeding, the jury is warranted in finding a defendant to be the reputed father of an illegitimate child if it is convinced of that
 
 *375
 
 fact by a preponderance of tbe evidence, while in a criminal prosecution for the nonsupport of an illegitimate child, a jury is not warranted in finding a defendant to be the father unless it is convinced of that fact beyond a reasonable doubt.
 

 Counsel for appellant argue that a bastardy proceeding is one
 
 in rem.
 
 That position is supported by some authority. However, considerations of sound public policy prompt us to say that a judgment in such a proceeding should not be given the effect of precluding the state from instituting and prosecuting a criminal proceeding under the statute for the nonsupport of an illegitimate minor child. Both proceedings are under favor of statute and had it been the legislative intent to have the judgment in a bastardy proceeding operate as a bar to criminal prosecution by the state for nonsupport, a provision to that end would undoubtedly have been incorporated into our statutes.
 

 It is our opinion that an adjudication in a bastardy proceeding is not conclusive upon the state unless expressly made so by statute, and that the state has the power to prosecute criminal proceedings for nonsupport of an illegitimate child at any time, before, after and independently of an adjudication in a bastardy proceeding, and wholly independently of any finding therein made, or judgment therein rendered, with respect to the question of paternity.
 

 We hold, therefore, that the record of a bastardy proceeding, wherein a defendant was adjudged not to be the reputed father of an illegitimate child, is not admissible as evidence in a criminal prosecution by the state against the same person for nonsupport of such child.
 

 With respect to the question whether the trial court erred in its charge to the jury, appellant claims that the only question which the court submitted to the jury was whether the appellant was or was not the father
 
 *376
 
 of the child. In view of the record, we find no error in this.
 

 Under the provisions of Sections 13008 and 13008-1, Q-eneral Code, it was incumbent upon the state to prove not only that appellant was the father of the illegitimate child, but also that he failed, neglected or refused to support such child, and that he had the means and ability of furnishing such support. However, the record discloses that appellant admitted he had not furnished any support for the child since July 6, 1937, and that he had the means and was physically and financially able to pay a reasonable amount for the support of the child. In response to the court’s inquiry: “In other words, your defense is that he is not the father?” Mr. Bracy, counsel for appellant, answered: “That is the defense, and the only defense.” Obviously, the trial court was not, under this state of the record, required to ask the jury to find the very facts which the appellant had, in open court, already admitted and which were no longer in issue. Consequently, there was no error in submitting to the jury for its determination the sole remaining question as to “whether or not the state has established beyond a reasonable doubt that the defendant Melvin Schwartz was the father of this child.”
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.
 

 Turner, J., dissents.