DISTRICT LODGE 34, LODGE 804 INTERNATIONAL ASSN. OF MACHINISTS, APPELLANT, *v.* L. P. CAVETT CO., APPELLEE.

(No. 8623—Decided December 7, 1959.)

*Messrs. Brown & Gettler* and *Mr. Jonas B. Katz,* for appellant.

*Mr. J. Mack Swigert* and *Mr. Charles D. Lindberg,* for appellee.

MATTHEWS, P. J. This is an appeal by the plaintiff from a judgment for the defendant upon sustaining a demurrer to the amended petition, on the ground that it did not state a cause of action and was incapable of amendment so as to state a cause

of action. Consequently, on this appeal, we are concerned with the allegations of the amended petition alone.

The amended petition purports to state two causes of action, one to indemnify the plaintiff herein—defendant in the action in which the injunction was issued—against loss to the extent of $500, because of the issuance of a temporary injunction against it, and the other to indemnify it upon making the injunction permanent.

In its amended petition, the plaintiff alleges that in the prior action the defendant executed the two bonds sued upon in this action to obtain the injunction in question and that the condition in the bonds was: "To secure to the plaintiffs the damages they may sustain, if it be finally decided that the injunction ought not to have been granted"; that the Court of Common Pleas, the Court of Appeals (see *L. P. Cavett Co. v. District Lodge 34, Lodge 804, I. A. of M.*, 103 Ohio App., 45), and the Supreme Court of Ohio (see *L. P. Cavett Co. v. District Lodge 34, Lodge 804, 1. A. of M.*, 166 Ohio St., 508) all sustained the issuance of the injunction; but that later the Supreme Court of the United States, on November 12, 1957 (see *District Lodge 34, Lodge 804, 1. A. of M. v. L. P. Cavett Co.*, 355 U. S., 39, 2 L. Ed. [2d], 72, 78 S. Ct., 122), "did determine that said injunctions ought not to have been issued."

The order of the Supreme Court of the United States is as follows (355 U. S., 39):

"*Per Curiam.* The petition for writ of certiorari is granted and the judgment of the Supreme Court of Ohio is reversed, *Amalgamated Meat Cutters* v. *Fairlawn Meats, Inc.*, 353 U. S., 20, 948; *Weber* v. *Anheuser-Busch, Inc.*, 348 U. S., 468; *Garner* v. *Teamsters Union*, 346 U. S., 485."

Both parties have treated this pronouncement of the Supreme Court of the United States as a final judgment of the Supreme Court of the United States, based on its conclusion that the courts of the state of Ohio had no jurisdiction of the subject-matter—interstate commerce. We shall so consider it.

This action is to recover damages estimated at $1,000, for which judgment was prayed.

The Court of Common Pleas agreed with the defendant's contention that, as interstate commerce was involved, the state

courts did not have jurisdiction and that therefore no action taken by them had any validity and that that invalidity extended to these injunction bonds and rendered them unenforcible. We cannot agree with this conclusion. We find the great weight of the authorities sustains actions on injunction bonds, notwithstanding the court in which they have been executed had no jurisdiction of the subject matter. We are of the opinion that the sounder reasoning supports that conclusion.

While recognizing that there are cases that hold to the contrary, the rule of liability is adhered to in both American Jurisprudence and Corpus Juris Secundum. In 28 American Jurisprudence, 867, Section 351, it is said:

"In general, where a bond has been executed and the injunction obtained and acted on, an obligor is estopped to deny the validity of the bond or his liability thereon because of any informality in the order which directed the bond to be given, or to deny the authority of the court to grant the relief afforded him in the injunction suit. In several cases it is held that the defendant in a suit on an injunction bond is estopped to set up as a defense that the bond was void because the court had no jurisdiction of the person sought to be enjoined or of the subject matter of the injunction suit. In other words, the fact that the court which granted the injunction had no authority to grant it does not nullify the injunction bond given in that proceeding. In other cases, however, it has been said that where the injunction is void ab initio, there can be no recovery of damages."

In 43 Corpus Juris Secundum under the heading "Injunction" we find this statement in bold type as Section 293 a.: "After termination of the injunction suit adversely to the plaintiff therein, defendants in the action on the bond cannot urge that the injunction * * * [was] granted without jurisdiction."

In *Johnson* v. *Howard*, 167 Miss., 475, 141 So., 573, we find a case identical in all essentials to the case at bar. The second paragraph of the syllabus is as follows:

"Court's lack of jurisdiction to grant injunction *held* no defense in action on injunction bond."

At page 489, the court says:

"The result is the same where the injunction proceeding is

void for want of jurisdiction of the court to entertain it. Where a complainant has secured an injunction and stayed his adversary's proceedings, and thereby caused him to suffer damages, it is too late for the complainant to set up as a defense in an action on the injunction bond a want of jurisdiction in the court to grant the injunction. He is estopped to say that the court granted the injunction without jurisdiction. It does not lie in the mouth of one who has affirmed the jurisdiction of a court to grant an injunction, where he has accomplished his purpose by the injunction, to afterwards deny such jurisdiction. * * *''

In *Littleton* v. *Burgess*, 16 Wyo., 58, 91 P., 832, 16 L. R. A. (N. S.), 49, a court of equity at the request of a private person assumed to enjoin a prosecuting attorney from instituting a criminal prosecution upon the giving of bond. After dismissal of the injunction action for want of jurisdiction, an action on the bond was instituted. In sustaining the validity and enforceability of the bond, the court said at page 67:

"That the court had no jurisdiction to enjoin the prosecution of crime by the prosecuting officer was decided by this court in *Littleton* v. *Burgess*, 14 Wyo., 173. It does not, however, follow that because of absence of such jurisdiction no action can be maintained upon the undertaking given and upon which the writ issued. When in such a case one invokes the power of a court of general jurisdiction he cannot thereafter be heard to say in avoidance of damages for injury resulting therefrom that the court was without jurisdiction. (22 Cyc., 1040, and cases there cited.) The district court possesses original equity jurisdiction. * * *''

See, also, *Robertson* v. *Smith*, 129 Ind., 422, 28 N. E., 857, 15 L. R. A., 273.

That the Courts of Common Pleas of Ohio have general jurisdiction in both law and equity will not be disputed.

But it is said that the law of Ohio is contrary to the weight of authority in other jurisdictions. We believe that a correct statement of the law of Ohio would be that in one case—and that of an intermediate court—a statement is made that could be construed to be contrary to the general trend, but if so construed is in any event *obiter dictum*. We refer to the case of *Jones* v. *Wright, Trustee*, 1 C. C. (N. S.), 59, 14 C. D., 649. That

case was an action on two bonds in a proceeding to sell an entailed estate. One proceeding was instituted in the Probate Court and was prosecuted to the point where a bond was given by one surety and three principals. At a certain point in the proceeding the parties discovered that the Common Pleas Court and not the Probate Court had jurisdiction of such proceeding and therefore discontinued the action in the Probate Court and started proceedings in the Common Pleas Court, where the second bond was given, signed by different parties and payable to a different payee. There was a demurrer to the petition on the ground that separate causes of action had been improperly joined. The Court of Common Pleas overruled this demurrer.

One of the sureties on the bond executed in the Probate Court proceedings filed an answer to which the plaintiff demurred, which the court overruled. At page 61 the court summarized the allegations of this answer as follows:

"* * * In this answer the said Jones alleged that the bond set forth in plaintiff's first cause of action on which judgment was asked against him was given by virtue of an order of the Probate Court in an attempt to sell an entailed estate, and for no other purpose; that said real estate was not, in fact, sold in said proceedings before said court; that said court had no jurisdiction of the subject matter; that when it was ascertained that said court had no jurisdiction of the subject matter, proceedings were instituted in the Court of Common Pleas for the purpose of selling said entailed estate, and said estate was sold by order of said court and bond given by order of said court by virtue of Section 5803, R. S., et seq., which bond is the foundation of the second cause of action set out in the petition."

It will be seen that the answer alleged that there had been no sale of the entailed estate in the Probate Court proceedings, and therefore there could be no breach of the bond given therein, as the only bond required in such a proceeding was a bond of the trustee appointed to take charge of and preserve the proceeds of sale.

It would seem therefore that the comments of the court on the validity of the bond must be read in the light of the fact that the court had already found that the demurrer should have been sustained on the ground that separate causes of action had been

improperly joined and the further fact that there had been no breach of the bond given in the Probate Court proceeding. At best what was said was *obiter dictum*. We certainly do not believe that this case can be said to establish the law of Ohio, particularly in view of the fact that it would be contrary to the manifest weight of the authorities in other jurisdictions.

There are Ohio cases holding that lack of jurisdiction resulting from failure to serve a necessary party is no defense to an action on a bond given in such a proceeding. Such a case is *Bulkley* v. *Stephens*, 29 Ohio St., 620. But it is said that such cases are inapplicable, because in the case at bar the court did not have jurisdiction of the subject matter. We fail to see the importance of the reason for the lack of power to act in the case in which the bond was given. In both classes of cases the court is moved to act by the obligor in the bond. In every such case the court is confronted with the necessity of deciding whether under the law and the state of the proceedings it has jurisdiction or power to act. Whether that lack of power results because jurisdiction had not been conferred over the subject matter or because the court lacked jurisdiction over the party would seem to be immaterial.

Furthermore it would appear that the condition of the bond, as provided in Section 2727.07, Revised Code, had been violated. There is no proviso in that section requiring that the court shall have jurisdiction.

For these reasons, the judgment of the Court of Common Pleas is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

LONG and O'CONNELL, JJ., concur.