**SHOWTIME MARKETING, INC., et al., Plaintiffs,**

**v.**

**John DOE, et al., Defendants.**

**No. 82 C 1561.**

United States District Court, N. D. Illinois, E. D.

Aug. 12, 1982.

Michael B. Roche, L. Andrew Brehm, Carol Coghlan Gavin, Hubachek & Kelly Ltd., Chicago, Ill., for plaintiffs.

Raymond P. Niro, Timothy J. Haller, William L. Niro, Hosier, Niro & Daleiden, Ltd., Chicago, Ill., for defendant Edwin S. Trela, Jr.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Showtime Marketing, Inc. ("Showtime") initially sued unnamed "John Doe" defendants for injunctive relief against expected infringers of the "UFO" service mark or of likenesses of members of the "UFO" rock group (by selling unauthorized T-shirts bearing that logo or those likenesses) at a forthcoming rock concert performance.[1] Although the action was assigned to this Court's calendar, at the time it was filed this Court was away on a brief vacation. Accordingly on March 12, 1982 Showtime's counsel sought and obtained an ex parte temporary restraining order ("TRO")—running against unnamed defendants—from Judge Getzendanner sitting as emergency judge. Showtime posted a $5,000 bond as security under Fed. R. Civ. P. ("Rule") 65(c).

On March 24 the case came before this Court for a preliminary injunction hearing scheduled by Judge Getzendanner. Instead this Court found no Article III case or controversy had existed when suit was filed,[2] so that federal jurisdiction had been wanting and the TRO had been improvidently issued. It dismissed this action for lack of jurisdiction, ordering the Marshal to return all seized property.[3]

Edwin Trela ("Trela"), one of the persons from whom T-shirts had been seized during the pendency of the TRO, has claimed he was harmed by its wrongful issuance and seeks damages against the bond under Rule 65(c). For the reasons stated in this memorandum opinion and order, a hearing on the issues of both liability and damages is ordered.

Showtime makes three arguments in opposition to Trela's motion. None withstands careful scrutiny.

■ First, Showtime asserts Trela's motion is one "to alter or amend a judgment" under Rule 59(e). Because Trela did not serve notice within ten days after March 24, Showtime contends the motion is time-barred.

But Rule 65(c) does not sound in terms of a motion to alter or amend a judgment of dismissal. Rather its nature is that of a "collateral" or "independent" proceeding stemming from the judgment, analogous to that considered in *White v. New Hampshire Department of Employment Security,* —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (motion for attorneys' fees under 42 U.S.C. § 1988 need not be served within the Rule 59(e) time limit). Trela seeks not to change or modify the March 24 judgment, but to collect what is owing as a *result* of the judgment. Therefore the Rule 59(e) 10-day limit is inapplicable.

■ Showtime's second objection is that this Court lacks subject matter jurisdiction to conduct any further hearing, because it has already dismissed the action itself for just that subject matter infirmity. Consequently Showtime contends Trela must move against the bond in a separate lawsuit, if at all.

Trela has pointed to a state court decision squarely holding proceedings on an injunction bond maintainable where the lawsuit granting the injunction has been dismissed for lack of subject matter jurisdiction. *Texas Construction Co. v. Hoisting & Portable Engineers, Local 102,* 180 Kan. 393, 304

---

**1.** This lawsuit is one of hundreds filed around the country during the past few years because of the mushrooming industry in unauthorized T-shirts featuring pictures and logos of rock groups and other popular entertainers.

**2.** Several months before this Court had held to the same effect in *Winterland Concessions, Inc.*

*v. Geisel,* 511 F.Supp. 310 [originally *Doe* ]. Counsel for Showtime had represented Winterland in the later stages of that litigation.

**3.** No issue is raised as to the propriety of that ruling.

P.2d 498 (1956).[4]  Showtime claims the federal rule is to the contrary but:

    1.  It cites nothing to support that conclusion.

    2.  There seems no principled distinction between the absence of subject matter jurisdiction in *Texas Construction* and the lack of a "case or controversy" here.

Though there is no direct precedent either way and the matter is certainly not free from doubt, the collateral proceedings on the bond may be viewed as akin to ancillary jurisdiction: It involves enforcement of a court-ordered bond under one of the Federal Rules of Civil Procedure.[5]

Finally Showtime contends the TRO was not a wrongful injunction within the meaning of Rule 65(c).  It relies on statements in *Meeker v. Stuart,* 188 F.Supp. 272, 276 (D.D.C. 1960) and *Commerce Tankers Corp. v. National Maritime Union,* 553 F.2d 793, 800 (2d Cir. 1977) that recovery on an injunction bond may be had only if final judgment is rendered for defendant "after trial" or "on the merits."  Because dismissal for lack of subject matter jurisdiction is not "on the merits," Showtime asserts Trela cannot recover.

That argument mistakes the ultimate result for a bar at the door.  Rule 65(c) allows recovery for "such costs and damages as may be incurred by any party who is found to have been wrongfully enjoined or restrained."  Such wrongful injunction or restraint may occur in ways unrelated to the ultimate merits—as for example where the procedure leading to a TRO or preliminary injunction is later found to have violated Rule 65(a) or 65(b).  Accordingly Showtime's contention does not foreclose a hearing, though (like the argument referred to in n.5) it may affect the result of the hearing.

    4.  Trela also invokes two other state cases in support of his position, but each of them upholds a *separate* action on the injunction bond—not a motion on the bond in the original case—where the first action was defective for want of jurisdiction.  *District Lodge 34, IAM v. L.P. Cavett Co.,* 111 Ohio App. 327, 168 N.E.2d 619 (1959).  *See also Local 755, IBEW v. Coun-*

*Conclusion*

Aspects of both liability and damages remain to be resolved.  Hearing on those issues is set for 2 p.m. September 17, 1982.

*try Club East, Inc.,* 283 N.C. 1, 194 S.E.2d 848 (1973).

    5.  Showtime also says Trela cannot collect damages because he is a wrongdoer.  Trela has not responded to that unclean hands argument, which is not of course a jurisdictional issue.  This opinion expresses no views on the subject, which must be addressed at the hearing.