IN RE BOYCE.

(No. 1570—Decided
August 5, 1987.)

*Nancy G. McMillen,* guardian *ad litem,* for Alexis Boyce.

*Christopher Brown,* for Sandra Andrews.

BAIRD, J. This cause came on before the court upon Sandra Andrews' (the mother's) appeal from the order finding her daughter, Alexis Boyce, to be an abused child. We affirm.

Alexis Boyce was removed from her home based on allegations that her stepfather had committed certain disciplinary and sexual acts upon her. The Medina County Department of Human Services sought temporary custody. A guardian *ad litem* was appointed for Alexis. Counsel was appointed to represent her mother.

The mother and stepfather were indicted on charges of endangering children, in violation of R.C. 2919.22. The mother's indictment was dismissed; the stepfather was found guilty.

The adjudicatory hearing was continued during the pendency of the criminal charges until August 26, 1986. After the hearing, the trial court found that Alexis was an abused child. The trial court conducted a dispositional hearing and found that it was in Alexis' best interests to be placed in the temporary care and custody of the Medina County Department of Human Services. The mother appeals.

Assignment of Error

"The trial court erred in making a finding of abuse without taking evidence other than admitting a judgment entry of the jury verdict in a felony conviction of the stepfather."

The mother argues that the entry submitted to the court was a journalization of the jury's finding that the stepfather was guilty of endangering Alexis. The actual exhibit is not in the record; however, the transcript of proceedings supports her claim.

Evid. R. 803(21) provides that:

"Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of no contest or the equivalent plea from another jurisdiction), *adjudging a person guilty* of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment, but not including, when offered by the Government in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused. The pendency of an appeal may be shown but does not affect admissibility." (Emphasis added.)

This rule reflects a significant change in Ohio law. Previously, a judgment in a criminal case was not ad-

missible as evidence in a subsequent civil case. *State* v. *Schwartz* (1940), 137 Ohio St. 371, 19 O.O. 90, 30 N.E. 2d 511; Staff Notes to Evid. R. 803.

The rule does not require evidence of a conviction, but only evidence of an adjudication of guilt. The document submitted to the trial court apparently adjudicated the stepfather guilty of child endangerment. The trial court did not err in admitting it. Evid. R. 803(21).

The mother further argues that the theory of *res judicata* should not apply in this case. The record does not reflect that the adjudication of guilt was accorded *res judicata* effect. In fact, the mother properly was encouraged to present evidence on the matter.

The record contains clear and convincing evidence to support a finding that Alexis Boyce was an abused child under R.C. 2151.031(B). The assignment of error is not well-taken. The order placing Alexis Boyce in the temporary custody of the Medina County Department of Human Services is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and CACIOPPO, J., concur.